**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                       **v.**                         **10-CR-00025A(Sr)**

**ERIC J. HUMPHREY, et al.,**

      **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the Hon. Hugh B. Scott by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #2. Thereafter, Magistrate Judge Scott issued an Order of Recusal in the case as to all defendants (Dkt. #131) and Judge Arcara referred the case to the undersigned, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #133.

## PRELIMINARY STATEMENT

The defendants, Eric J. Humphrey, Charles M. Humphrey, Jr., James Humphrey, Jr., John E. Humphrey and Anthony Taylor are charged in a one-count indictment with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and to manufacture, possess with intent to distribute, and to distribute, 50 grams or more of cocaine base in violation of Title 21, United States Code, Sections 846. Dkt. # 1. The defendants each also face forfeiture allegations. *Id*. Defendants Charles M. Humphrey, Jr., John E. Humphrey, Eric J. Humphrey and

Anthony Taylor have filed dispositive and non-dispositive motions. *See* Dkt. ##50 (Charles Humphrey), 57 (John E. Humphrey), 60 (Eric J. Humphrey), 69 (Charles Humphrey (supplemental motion), 113 (Anthony Taylor). The government filed responses to the instant motions. Dkt. ##61, 70. Oral argument was held before Magistrate Judge Hugh B. Scott on February 16, 2011 and March 16, 2011.

This Decision and Order will address defendant John E. Humphrey's non-dispositive motions seeking severance, preservation of evidence and to join in the motions filed by co-defendants. Dkt. #57. This Court's Report, Recommendation and Order with respect to John E. Humphrey's motion to suppress the evidence seized from 39 Phyllis Avenue was filed separately.

## DISCUSSION AND ANALYSIS

**Motion for Severance**

By this request, defendant John Humphrey seeks severance from his co-defendants. In support of this motion, defendant John Humphrey states, "John Humphrey's defense will be that he did not engage in any illegal activity relating to his co-defendants nor did he enter into any agreement to do so. As such, this defendant will be required to separate himself quite forcefully from his co-defendants' alleged criminal activities. In essence, John Humphrey's defense will be that he was not involved in his co-defendants' multiple wrongdoings." Dkt. #57, ¶11. A Decision and

Order on defendant John Humphrey's motion to sever is left to the discretion of the District Judge to whom this case is assigned, District Judge Richard J. Arcara.

**Preservation of Evidence**

By this request, the defendant seeks an Order from this Court directing the government to "preserve and retain intact any evidence, tangible papers, reports, law enforcement agent notes, objects or other information relating in any way to the investigation which led to this indictment . . ." Dkt. #57, ¶13. In its response, the government states,

> [t]he government has made available of [sic] all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant. The defendants are apprised that they can examine such material in the custody of the DEA and pursuant to Rule 12(b)(4)(B), such evidence shall be used by the government against them at trial. . . .
>
> [r]egarding rough notes, no such basis exists at this time for providing the requested materials, if they exist. The government will endeavor to maintain such materials, if they exist. This in no way should be construed as any concession that said notes are subject to disclosure.

Dkt. #61, ¶¶6 and 8.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to endeavor to maintain such materials, the express admonition of the Court

of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.

**Motion for Leave to Join in Motions Filed by Co-defendants**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #57, ¶17. This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests

contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           July 1, 2013

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**